FILED
2026 MAR 10 PM 2:57
CLERK
U.S. DISTRICT COURT

ROSSI TREADWELL, JR.
1625 W. 84th Pl.
Los Angeles, CA., 90047

Plaintiff in Pro Se.

Case: 2:26−cv−00202
Assigned To : Oberg, Daphne A.
Assign. Date : 3/10/2026
Description: Treadwell v. Concealed Firearms Review Board

# UNITED STATES DISTRICT COURT,

# DISTRICT OF UTAH.

| | |
|---|---|
| ROSSI TREADWELL, JR., <br><br>     Plaintiff, <br><br> v. <br><br> CONCEALED FIREARMS REVIEW BOARD, and DOES 1- 10, inclusive, <br><br>     Defendants. | Case No.: <br><br> COMPLAINT TO REVIEW DENIAL OF FIREARM PERMIT (UTAH CODE ANN. §63G-4-402), AND VIOLATION OF CIVIL RIGHTS (42 U.S.C., §1983). <br><br> DEMAND FOR JURY TRIAL. |

Plaintiff alleges:

1. Defendant Concealed Firearms Review Board ("Board"), is a duly created review board of the State of Utah, doing business in the County of Salt Lake, State of Utah.

2. Plaintiff is informed and believes and based thereon alleges herein below Causes of Action to review denial of firearm permit, and for violation of Title 42 United States Code, §1983.

3. Plaintiff Rossi Treadwell, Jr., was, and at all times herein mentioned is an individual, with his present principal place of residence located in the County of Los Angeles, State of California.

4. The wrongs alleged herein are in the County of Salt Lake, State of Utah. Venue of this action is properly brought before United States District Court.

5. Plaintiff is ignorant of the true names and capacities of Defendants sued in this Complaint as Does 1-10, inclusive, and therefore, Plaintiff sues these Defendants by these fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and alleges on this information and belief that each of the fictitiously named Defendants is negligently responsible in some manner for the occurrences alleged in this Complaint, and that Plaintiff's injuries as alleged in this Complaint were proximately caused by that negligence.

6. At all times mentioned in this Complaint each of said Defendants was the agent and employee of each of the remaining said Defendants, and in doing the things alleged in this Complaint, was acting within the course and scope of this agency and employment.

I.   **FIRST CAUSE OF ACTION FOR REVIEW OF DENIAL OF FIREARM PERMIT UNDER UTAH CODE ANN. §63G-4-402 BY PLAINTIFF AGAINST ALL DEFENDANTS.**

7. **Title and Date of Final Agency Action** The final agency action to be reviewed is the written order of the Concealed Firearms Review Board dated **February 24, 2026**, upholding BCI's denial of Plaintiff's application for a Utah concealed firearm permit. A full copy of the final order is attached hereto as **Exhibit B**.

8. **Identification of Parties in the Informal Proceedings** The parties in the informal adjudicative proceedings before the Concealed Firearms Review Board were Plaintiff Rossi Treadwell Jr. and the Bureau of Criminal Identification.

///

9. **Copy of the Written Agency Order** A true and correct copy of the February 24, 2026 final written order of the Concealed Firearms Review Board is attached as **Exhibit B**.

10. **Facts Demonstrating Entitlement to Judicial Review**

   a. On or about September 11, 2025, BCI denied Plaintiff's concealed firearm permit application on the grounds that Plaintiff allegedly provided false information by answering "no" to the question regarding convictions for offenses involving moral turpitude. BCI claimed this violated Utah Code Ann. § 53-5a-303(15) based on a prior Virginia conviction for "Fleeing From Law Enforcement." A copy of the denial letter is attached as **Exhibit A**.

   b. Plaintiff timely appealed the denial to the Concealed Firearms Review Board and participated in the hearing, submitting materials and testimony.

   c. On February 24, 2026, the Board issued its final order upholding the denial.

   d. Plaintiff has exhausted all administrative remedies. This Complaint is filed within thirty (30) days of the issuance of the final order as required by Utah Code Ann. § 63G-4-402(3).

   e. Plaintiff is aggrieved by the final agency action and is entitled to trial de novo review.

11. **Request for Relief** Plaintiff requests that this Court:

   a. Conduct a trial de novo;

b. Reverse the February 24, 2026 final order of the Concealed Firearms Review Board and the underlying denial by BCI;

c. Order the Bureau of Criminal Identification to issue Plaintiff a Utah concealed firearm permit forthwith; and d. Award such other and further relief as the Court deems just and proper, including costs and attorney fees if applicable.

12. **Statement of Reasons Why Plaintiff Is Entitled to Relief** At trial de novo, Plaintiff will show that he is entitled to relief for the following reasons (among others):

a. Plaintiff did **not** knowingly or willfully provide false information on the application within the meaning of Utah Code Ann. § 53-5a-303(15). The application question used the legal term of art "moral turpitude" and gave examples (theft, criminal mischief, sex crimes, etc.) that did not clearly encompass a conviction for "Fleeing From Law Enforcement." Plaintiff reasonably and honestly believed his answer was correct.

b. Even assuming the Virginia conviction qualifies under Utah Admin. Code R722-300-3, the Board and BCI failed to adequately consider mitigating circumstances and the discretionary nature of the denial statute.

c. Plaintiff otherwise meets all statutory qualifications for a concealed firearm permit under Utah Code Ann. § 53-5a-303.

///

///

    d. The agency action is not supported by substantial evidence and is arbitrary, capricious, and contrary to law. Plaintiff will present evidence, testimony, and argument at the de novo trial demonstrating his entitlement to the permit.

## II.   II. SECOND CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C., §1983 BY PLAINTIFF AGAINST ALL DEFENDANTS.

13. Plaintiff incorporates Paragraphs 1 through 12 of the First Cause of Action as part of this Cause of Action.

14. At all times hereinafter mentioned, each and all of the acts of the Defendants alleged herein were done by the Defendants under the color of law by statutes, regulations, customs, and usages in the State of Utah as heretofore alleged herein.

15. Plaintiff, who is Black, and male, was deprived of an interest protected by the Constitution and/or laws of the United States of America, and each and every Defendant caused, by commission or omission, such deprivation while acting under color of law and on the pretense of authority.

16. All acts and/or omissions perpetrated by each Defendant were engaged in maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights already violated, despicably, with evil motive and/or intent, in disregard of the protected rights of the Plaintiff.

17. Defendants in the Concealed Firearms Review Board and any Defendant in his/her official and/or individual capacity knowingly, or grossly negligently, or with deliberate indifference to the rights allegedly violated, conspired to cause to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this actions pleading and/or improperly,

inadequately, with deliberate indifference to the constitutional or other federal rights of persons, grossly negligently, with reckless disregard to constitutional or other federal rights, conspired to violate civil rights, so that each one of them is responsible for all of the injuries and/or damages sustained by the Plaintiff. Furthermore, the actions of Defendants follow a policy of "no policy" in protecting the rights of persons, and that the individual Defendants have demonstrated a lack of training and guidance in the protecting of the constitutional and civil rights regarding the protection of people traveling, and their life and safety.

18. This failure was the moving force behind the violation of Plaintiff's Second and Fourteenth Amendment due process rights, as the Board's inadequate response in handling the unlawful denial of the permit.

19. The Supreme Court's decision in *New York State Rifle and Pistol Association v. Bruen,* 597 U.S. 1, 10 (2022), made clear that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." Yet Defendants have constructed an administrative labyrinth designed to frustrate and ultimately deny this fundamental right to virtually all who seek to exercise it.

20. This case concerns more than administrative delays—this case addresses a coordinated effort by Defendants to nullify through bureaucratic obstruction what they cannot deny through law. When constitutional rights are deliberately delayed beyond any reasonable timeframe, they are effectively denied. Defendants have systematically violated and to ensure that law-abiding citizens can exercise their constitutional rights without facing years of unjustified delay. Furthermore, there was sufficient personal involvement could include culpable action or inaction in the training, supervision, or control of subordinates,

acquiescence in the constitutional deprivations of which this Action is made, and/or conduct that showed a reckless or callous indifference to the rights of others.

21. Furthermore, at all times herein mentioned, Defendants, and each of them, were employees acting under the Board's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced an suffered the continuation of policies, customs, practices and usages in violation of the Second and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the unlawful denial of the concealed firearm permit.

22. Defendant Board knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above by deliberate indifference to widespread abuses.

23. **Facts Demonstrating Entitlement to Judicial Review**

    a. On or about September 11, 2025, BCI denied Plaintiff's concealed firearm permit application on the grounds that Plaintiff allegedly provided false information by answering "no" to the question regarding convictions for offenses involving moral turpitude. BCI claimed this violated Utah Code Ann. § 53-5a-303(15) based on a prior Virginia conviction for "Fleeing From Law Enforcement." A copy of the denial letter is attached as **Exhibit A**. *However,* Plaintiff claims that he was illegally arrested, because he was Black and was beaten by Police in Virginia. Plaintiff may not included this item because his person was violated and constituted a violation of his civil rights.

///

b. Plaintiff timely appealed the denial to the Concealed Firearms Review Board and participated in the hearing, submitting materials and testimony.

c. On February 24, 2026, the Board issued its final order upholding the denial.

d. Plaintiff has exhausted all administrative remedies. This Complaint is filed within thirty (30) days of the issuance of the final order as required by Utah Code Ann. § 63G-4-402(3).

e. Plaintiff is aggrieved by the final agency action and is entitled to trial de novo review.

24. Plaintiff suffered loss of freedom as to his Second Amendment rights. Plaintiff suffered plenty of emotional distress. Plaintiff also paid over thousands of Dollars in unnecessary legal and other expenses.

25. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Constitution of the United States and the Constitution and laws of the State of Utah in that Plaintiff was deprived of his liberty and his freedom from personal harm. Defendants' conduct violates the Second Amendment, and the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution, and of rights contained in the Utah Constitution, and deprives said Plaintiff of rights under color of State law and on pretense of authority.

26. As a direct and proximate result of the wrongful acts of Defendants, Plaintiff was believed to be damaged in an amount of $5,000,000. However, in the alternative, Plaintiff requests relief under *Ex Parte Virginia* to obtain injunctive relief to obtain his Concealed Weapons

Permit. Plaintiff has been almost totally deprived of his liberty and freedom from personal harm, and has and will have suffered humiliation, anxiety, and emotional and physical distress as well as possible future personal injuries that will continue on into the future, unless this lawsuit in a Court of law intervenes.

27. Said Plaintiff further seeks compensatory damages for the humiliation, anxiety, physical distress and injuries that Plaintiff has suffered as a direct result of Defendants' wrongful acts as described herein, plus attorney's fees and costs.

28. The above recited acts of the individual Defendants in conspiring to deprive Plaintiff of his constitutionally protected rights were done with evil motive or intent, or with reckless or callous indifference to said Plaintiff's rights. Plaintiff therefore seeks punitive, exemplary, and constitutional damages in an amount according to proof against the Defendants.

29. In total, Plaintiff is suing Defendants for a total of $5,000,000 for damages that he suffered.

30. Plaintiff will suffer irreparable injury if he is continued to be denied his permit; therefore, Plaintiff requests that a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction be issued requiring the Board to issue the permit.

WHEREFORE, Plaintiff prays for:

1. For general damages in an amount according to proof, but at least $5,000,000;
2. For special damages in an amount according to proof;
3. For punitive damages in an amount according to proof;
4. For interest as allowed by law;
5. For injunctive relief as allowed by law;

///

///

6. For reasonable attorney's fees incurred by Plaintiff, inter alia, under 42 United States Code §1988, and other applicable law;

7. That Plaintiff be awarded her costs of suit herein; and for such other and further relief as the court may deem just and proper.

Dated this 9th day of March, 2026

By: /s/Rossi Treadwell, Jr.
ROSSI TREADWELL, JR.
1625 W. 84th Pl.
Los Angeles, CA., 90047
Plaintiff in Pro Se.

### DEMAND FOR JURY TRIAL.

Plaintiff hereby demands a Jury Trial pursuant to the Seventh Amendment of the United States Constitution and Federal Rule of Civil Procedure 38.

Dated this 9th day of March, 2026

By: /s/Rossi Treadwell, Jr.
ROSSI TREADWELL, JR.
1625 W. 84th Pl.
Los Angeles, CA., 90047
Plaintiff in Pro Se.

///
///
///
///
///
///
///
///

## VERIFICATION.

I, Rossi Treadwell, Jr., declare that:

I am the Plaintiff in the above-entitled Complaint. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to matters therein stated on information and belief, and as to those matters, I believe it to be true.

Under the penalty of perjury of the laws of the State of California, I declare that the foregoing is true and correct, and that this declaration was executed on March 9, 2026, at Los Angeles, California.

/s/Rossi Treadwell, Jr.

_____

ROSSI TREADWELL, JR., Plaintiff.

Rest In Power, Rodney King, 1965-2012

George Floyd, 1973-2020

Carl Reiner, 1922-2020

Rob Reiner, 1947-2025

Michelle Singer Reiner, 1955-2025

Renee Good, 1988-2026

Alex Pretti, 1988-2026