UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ROSSI TREADWELL, JR.,<br><br>      Plaintiff,<br><br>v.<br><br>CONCEALED FIREARM REVIEW BOARD,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER PERMITTING AMENDED COMPLAINT AND TEMPORARILY GRANTING MOTION TO WAIVE FILING FEE (DOC. NO. 2)**<br><br>Case No. 2:26-cv-00202<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Rossi Treadwell, Jr., filed this action without an attorney and without paying the filing fee.[1]  The court temporarily granted Mr. Treadwell's motion to waive the filing fee and stayed the case for screening.[2]  Because Mr. Treadwell's complaint fails to allege any claim over which this court has subject-matter jurisdiction, Mr. Treadwell is permitted to file an amended complaint by **May 29, 2026**.  The court again temporarily grants the motion to waive the filing fee[3] pending screening of the amended complaint, if any is filed.

---

[1] (*See* Compl., Doc. No. 1; Mot. to Waive Filing Fee, Doc. No. 2.)

[2] (*See* Order Temp. Granting Mot. to Waive Filing Fee and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 7.)

[3] (Doc. No. 2.)

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."[4] In determining whether a complaint fails to state a claim, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] To avoid dismissal under this rule, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[6] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[7] But a court need not accept a plaintiff's conclusory allegations as true.[8] "[A] plaintiff must offer specific factual allegations to support each claim,"[9] and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[10] Courts also have an "independent obligation

---

[4] 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

[5] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[6] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[7] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[11]

Because Mr. Treadwell proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[12]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[13]  For instance, pro se plaintiffs still have "the burden of alleging sufficient facts on which a recognized legal claim could be based."[14]  While courts must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[15] courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16]

---

[11] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

[12] *Hall*, 935 F.2d at 1110.

[13] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[14] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[15] *Hall*, 935 F.2d at 1110.

[16] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

## ANALYSIS

Mr. Treadwell brought this case against Utah's Concealed Firearm Review Board, after the agency upheld the denial of his application for a concealed firearm permit.[17]  He alleges the denial was improperly based on grounds that he provided a false answer in his application.[18]  Mr. Treadwell explains he believed his answer was correct at the time, and alleges he is otherwise qualified for a concealed firearm permit under Utah law.[19]  He now challenges the review board's decision, asserting two causes of action and seeking $5,000,000 in damages.[20]  He claims the permit denial violates his Second and Fourteenth Amendment rights under 42 U.S.C. § 1983.[21]  And he seeks judicial review of the board's "final agency action."[22]  Both causes of action are subject to dismissal, as explained in turn below.

---

[17] (Compl. ¶¶ 1–2, 7, Doc. No. 1.)  Mr. Treadwell's complaint names the "Concealed Firearm*s* Review Board" as the defendant.  This has been fixed in the caption of this order, and the correct name shall be reflected on the docket.  *See* Utah Code § 53-5a-302(1) (creating the "Concealed Firearm Review Board").

[18] (*Id.* ¶ 10a (citing Utah Code Ann. § 53-5a-303(15) ("An individual who knowingly and willfully provides false information on an application filed under this part is guilty of a class B misdemeanor, and the application may be denied, or the permit may be suspended or revoked.")).)

[19] (*Id.* ¶¶ 12a, 12c.)

[20] (*Id.* ¶ 29.)

[21] (*Id.* ¶¶ 13–22.)

[22] (*Id.* ¶¶ 7–12.)  It appears Mr. Treadwell seeks judicial review of the permit denial pursuant to Utah's Administrative Procedure Act, Utah Code § 63G-4-402.  But, as explained below, neither this statute nor any other gives this court jurisdiction to review state agency actions.

To start, the Eleventh Amendment bars Mr. Treadwell's § 1983 claim against the Concealed Firearm Review Board.  Section 1983 provides a recovery mechanism for violations of federal rights in certain circumstances.[23]  "To establish a cause of action under [§] 1983, a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law."[24]  However, the Eleventh Amendment prohibits suits against a state and agencies acting "as arms of the state"[25]—unless the state waives its sovereign immunity or Congress abrogates it through legislation.[26]  Utah has not waived its sovereign immunity to being sued under § 1983, nor has Congress abrogated it.[27]  And because the review board is an agency acting as an arm of the state, it has

---

[23] *See* 42 U.S.C. § 1983; *see also Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017) (describing § 1983 generally).

[24] *Watson v. Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

[25] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 70 (1989) (citation omitted); *see also Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1559 (10th Cir. 1992) ("Eleventh Amendment immunity extends to state agencies that act as arms of the state.").

[26] *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[A]n unconsenting State is immune from suits brought in federal courts by [its] own citizens as well as citizens of another State."); *see also Kentucky v. Graham*, 473 U.S. 159, 167 (1985) ("Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, however, a State cannot be sued directly in its own name regardless of the relief sought.").

[27] *See Quern v. Jordan*, 440 U.S. 332, 345 (1979) (holding that Congress did not abrogate the states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999) (explaining in § 1983 action that "Utah has not waived its Eleventh Amendment immunity by statute"); *see also Anderson v. Herbert*, 745 F. App'x 63, 69 (10th Cir. 2018) (unpublished) ("Utah has not waived its [Eleventh Amendment] immunity against civil-rights suits.").

Eleventh Amendment immunity.[28]  Accordingly, Mr. Treadwell's § 1983 claim is subject to dismissal.

So, too, is Mr. Treadwell's claim seeking judicial review of the review board's decision upholding the denial of his concealed firearm permit application.  As noted above, Mr. Treadwell appears to seek judicial review pursuant to § 63G-4-402 of Utah's Administrative Procedure Act.[29]  But that statute gives *state* courts jurisdiction to review final agency actions, not federal courts.[30]  And to the extent Mr. Treadwell meant to bring this claim under the federal Administrative Procedures Act[31] (APA), this court still

---

[28] *See Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (explaining that "whether an entity 'is to be treated as an arm of the State'" for immunity purposes is determined "by examining the powers, nature, and characteristics of the agency under state law" (quoting *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977))); *see also* Utah Code Ann. § 63G-7-102(12) (providing that the State of Utah includes each "office, department, division, agency, authority, commission, board, . . . or other instrumentality of the state"); Utah Code Ann. § 53-1-104(1)(d) (providing that the Concealed Firearm Review Board is a "policymaking board[]" within the Department of Public Safety); Utah Code Ann. § 53-1-103(1)–(2) (providing that the Department of Public Safety is "within state government" and "has all of the policymaking functions, regulatory and enforcement powers, rights, duties, and responsibilities specified in this title"); Utah Code Ann. § 53-5a-302(7) (providing that the Concealed Firearm Review Board "shall review" denials of concealed firearm permits).

[29] (Compl., Doc. No. 1 at 2.)  Because the complaint has no page numbers, references are to the CM/ECF pagination.

[30] *See* Utah Code Ann. § 63G-4-402(1)(a) (providing "district courts have jurisdiction to review by trial de novo all final agency actions"); *Cox v. Utah Div. of Water Rights*, No. 1:10-cv-194, 2011 U.S. Dist. LEXIS 28405, at *4 (D. Utah Feb. 23, 2011) (unpublished) (explaining that judicial review under Utah's Administrative Procedure Act "is to be conducted by a state district court, not a federal court"—"[t]here simply is no statute that grants" a federal court such authority), *R. & R. adopted*, No. 1:10-cv-194, 2011 U.S. Dist. LEXIS 28534 (D. Utah Mar. 16, 2011) (unpublished).

[31] 5 U.S.C. § 701, *et seq.*

lacks jurisdiction.  Although federal courts may review agency action in some circumstances,[32] the APA "does not grant federal courts jurisdiction to review actions of state or municipal agencies."[33]  Utah's Concealed Firearm Review Board is not a federal agency for APA purposes.[34]  And the court is unaware of any other cognizable cause of action that would allow this court to grant the relief Mr. Treadwell seeks. Ultimately, where Mr. Treadwell appears to base his judicial review claim solely on state law, exercising supplemental jurisdiction would be improper.[35]

For these reasons, the complaint is subject to dismissal.[36]  Nevertheless, "dismissal of a pro se plaintiff's complaint without allowing an opportunity to amend the

---

[32] *See id.* § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.").

[33] *Hunter v. Underwood*, 362 F.3d 468, 477 (8th Cir. 2004); *see also* 5 U.S.C. § 551(1) (defining "agency" as an entity within the federal government's executive branch); *Merryfield v. Disability Rights Ctr. of Kan.*, 439 F. App'x 677, 679 (10th Cir. 2011) (unpublished) (noting a state agency is not considered a federal agency under the APA); *Sw. Williamson Cnty. Cmty. Ass'n v. Slater*, 173 F.3d 1033, 1035 (6th Cir. 1999) ("By its own terms, the APA does not apply to state agencies.").

[34] *See Donahue v. Kan. Bd. of Educ.*, 827 F. App'x 846, 851 (10th Cir. 2020) (unpublished) (concluding that the district court did not err in determining the APA did not apply to the plaintiff's request for judicial review of state agency action).

[35] *See* 28 U.S.C. § 1367 (providing for supplemental jurisdiction over related state law claims "in any civil action of which the district courts have original jurisdiction"); *Estate of Harshman v. Jackson Hole Mt. Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004) ("District courts do not otherwise have jurisdiction to hear pendent state law claims but for their intertwinement with claims over which they have original jurisdiction."); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

[36] *See* 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

complaint is permissible 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'"[37]  Accordingly, Mr. Treadwell will be given an opportunity to amend his complaint.

## CONCLUSION

1.    Mr. Treadwell may file an amended complaint by **May 29, 2026**.  The words "Amended Complaint" should appear in the caption of the document.

2.    Mr. Treadwell is advised that an amended complaint will completely replace all prior versions of the complaint.  Claims which are not realleged in the amended complaint will be deemed abandoned.[38]

3.    Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Rule 3-2(b) of the Local Rules of Civil Practice.[39]

4.    The court again temporarily grants the motion to waive the filing fee[40] pending screening of the amended complaint, if any is filed.

---

[37] *Peterson v. Lampert*, 499 F. App'x 782, 784 (10th Cir. 2012) (unpublished) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)).

[38] *See Tufaro v. Okla. ex rel. Bd. of Regents of the Univ. of Okla.*, 107 F.4th 1121, 1137 (10th Cir. 2024) ("An amended complaint supersedes a prior complaint and renders it of no legal effect.  Failing to replead a claim, when given leave to do so, ordinarily constitutes abandonment when an amended complaint is filed." (citation modified)).

[39] *See* DUCivR 3-2(b), available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202024.pdf [https://perma.cc/CSX4-8M5T].

[40] (Doc. No. 2.)

5.    Failure to file an amended complaint may result in the dismissal of this action.

DATED this 7th day of May, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge